UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE PAINTERS & ALLIED TRADES DISTRICT COUNCIL NO. 35 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS <br><br> Plaintiffs <br><br> v. <br><br> Dauphinais Construction Co. <br><br> Defendant <br> and <br><br> Component Assembly Systems, Inc. <br><br> Reach and Apply Defendant <br><br> and <br><br> Drywall, Ltd. <br><br> Reach and Apply Defendant | 05 - 11563 GAO <br><br> Civil Action No. <br><br> RECEIPT # 65894 <br> AMOUNT $ 250.00 <br> SUMMONS ISSUED 1 <br> LOCAL RULE 4.1 — <br> WAIVER FORM — <br> MCF ISSUED — <br> BY DPTY. CLK. M.P. <br> DATE 7/25/2005 |

MAGISTRATE JUDGE JGD

**COMPLAINT**

**COUNT I**

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., brought by the Trustees of the Painters & Allied Trades District Council No. 35 Health and Welfare, Pension and Annuity Funds ("Funds" or "Plaintiff Funds") for damages and injunctive relief arising from unpaid and delinquent contributions.

2. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e) (1) and venue lies in this district pursuant to 29 U.S.C. §1132(e) (2).

3. Each of the Plaintiff Funds is a "multi-employer plan" within the meaning of Section 3(37) (A) of ERISA, 29 U.S.C. §1002(37) (A), and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Plaintiff Funds have a principal office at and are administered from 25 Colgate Road, Roslindale, MA.

4. Defendant Dauphinais Construction Co. ("Dauphinais") is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2) and (6) and has a principal place of business at 23 Village Inn Road, Westminster, MA 01473.

5. Painters & Allied Trades District Council No. 35 ("Painters Union") is a "labor organization" within the meaning of 29 U.S.C. §152(5).

6. At all material times, Defendant was obligated by the terms the collective bargaining agreement between it and the Painters Union and by the terms of the Agreements and Declarations of Trust for each of the Plaintiff Funds to make contributions and remittance reports on behalf of its employees represented by the Painters Union to the Plaintiff Funds.

7. Defendant has failed to make required contributions in the sum $138,792.14 for the months of October and November 2004 in violation of Section 515 of ERISA, 29 U.S.C. §1145.

2

## COUNT II AS AGAINST REACH AND APPLY DEFENDANT COMPONENT ASSEMBLY SYSTEMS, INC.

8. Plaintiff Funds hereby sets forth and incorporates by reference Paragraphs 1 through 7 of this Complaint.

9. Component Assembly Systems, Inc. is a duly organized New York corporation doing business in Massachusetts at 260 Salem Street, Medford, MA 02155.

10. Upon information and belief, Defendant Dauphinais entered into an agreement with Component Assembly Systems, Inc. to perform labor on a project known as "Hancock Building – Floors 44 through 48" in Boston, MA.

11. Pursuant to its contract with Dauphinais, Reach and Apply Defendant Component Assembly Systems, Inc. is obligated to make periodic payments to Defendant Dauphinais for work performed by Defendant Dauphinais on the project named in Paragraph 17 of this Complaint.

12. Upon information and belief, Component Assembly Systems, Inc. is making periodic payments to Dauphinais for work performed on the project named in Paragraph 17 of this Complaint.

13. Plaintiff Funds believe and therefore aver that unless they can reach the funds from Reach and Apply Defendant Component Assembly Systems, Inc., they will be irreparably harmed because if Component Assembly Systems, Inc. pays the funds over to Dauphinais, the Plaintiff Funds will be unable to recover the contributions owed by Dauphinais.

14. Plaintiff Funds have no knowledge of any real estate or other assets of Defendant Dauphinais that can be reached by Plaintiff Funds.

## COUNT III AS AGAINST REACH AND APPLY DEFENDANT DRYWALL, LTD.

15. Plaintiff Funds hereby sets forth and incorporates by reference paragraphs 1 through 7 of this Complaint.

16. Drywall, Ltd. is a duly organized Massachusetts corporation with a usual place of business at 1020 Turnpike Street #12, Canton, MA 02021.

17. Upon information and belief, Defendant Dauphinais entered into agreements with Drywall, Ltd. to perform labor on projects known as "Boston University Sports Arena" in Boston, MA, "Boston College High School" in Boston, MA and "Boston College Yawkey Athletic Center" in Chestnut Hill, MA.

18. Pursuant to its contracts with Dauphinais, Reach and Apply Defendant Drywall, Ltd. is obligated to make periodic payments to Defendant Dauphinais for work performed by Defendant Dauphinais on the projects named in Paragraph 24 of this Complaint.

19. Upon information and belief, Drywall, Ltd. is making periodic payments to Dauphinais for work performed on the projects named in Paragraph 24 of this Complaint.

20. Plaintiff Funds believe and therefore aver that unless they can reach the funds from Reach and Apply Defendant Drywall, Ltd., they will be irreparably harmed because if Drywall, Ltd. pays the funds over to Dauphinais, the Plaintiff Funds will be unable to recover the contributions owed by Dauphinais.

21. Plaintiff Funds have no knowledge of any real estate or other assets of Defendant Dauphinais that can be reached by Plaintiff Funds.

4

WHEREFORE, Plaintiff Funds demand that with respect to Defendant Dauphinais judgment enter in accordance with Section 502(3) of ERISA, 29 U.S.C. §1132(g) (2) and request that the Court:

1. Determine and Award to the Plaintiff Funds the following amounts:

   a. the Defendant's unpaid contributions;

   b. interest on those contributions from the date the payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

   d. all costs and reasonable attorney's fees incurred by the Plaintiff Funds in connection with this action; and

2. Permanently enjoin the Defendant from violating its obligations to make contributions and provide remittance reports to the Funds under the terms of its collective bargaining agreements with the Painters Union and the respective Agreements and Declarations of Trust; and

3. Order such other and further relief as this Court may deem just and proper.

WHEREFORE, Plaintiff Funds further demand that with respect to Reach and Apply Defendants Component Assembly Systems, Inc. and Drywall, Ltd.:

1. That Reach and Apply Defendants Component Assembly Systems, Inc. and Drywall, Ltd. be forthwith restrained and enjoined from transferring, alienating, or paying Defendant Dauphinais any sums owed by Reach and Apply Defendants Component Assembly Systems, Inc. and Drywall, Ltd. to Defendant Dauphinais;

2. That the Court permit the Plaintiff Funds to reach and apply the funds due or to be due from Reach and Apply Defendants Component Assembly Systems,

Inc. and Drywall, Ltd. to Defendant Dauphinais to any judgment the Plaintiff recovers against Defendant Dauphinais; and

3. Order such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        FEINBERG, CAMPBELL & ZACK, P.C.
        177 Milk Street
        Boston, MA 02109
        (617) 338-1976

        _____
        Michael A. Feinberg, BBO #161400
        Attorney for Plaintiff Funds

Dated: July 22, 2005

## CERTIFICATE OF SERVICE

I, Michael A. Feinberg, hereby certify that I caused a copy of the foregoing Complaint to be mailed on July 22, 2005 by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

        _____
        Michael A. Feinberg

6

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Trustees of the Painters & Allied Trades District Council No. 35 Health and Welfare Pension and Annuity Funds

**DEFENDANTS**

Dauphinais Construction Co.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109    617-338-1976

ATTORNEYS (IF KNOWN)

John M. Dombrowski, Esq.
Dombrowski Aveni Bunnell
6 Grove Avenue
Leominster, MA 01453

05 11563 GAO

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

collection of delinquent fringe benefits contributions, ERISA, 29 U.S.C. §1001, et seq.

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $138,792.14
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 7/22/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Trustees of the Painters & Allied Trades District Council No. 35 Health and Welfare, Pension and Annuity Funds v. Dauphinais Construction Co.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

    **05 - 11563 GAO**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    05-10085WGY        YES [X]    NO [ ]

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                       YES [ ]    NO [X]

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                       YES [ ]    NO [ ]

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                       YES [ ]    NO [X]

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                       YES [X]    NO [ ]

    A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION [X]    CENTRAL DIVISION [ ]    WESTERN DIVISION [ ]

    B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION [ ]    CENTRAL DIVISION [ ]    WESTERN DIVISION [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Michael A. Feinberg, Esq.
ADDRESS 177 Milk Street, Boston, MA 02109
TELEPHONE NO. 617-338-1976

(Cover sheet local.wpd - 11/27/00)