UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF THE PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 35 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS<br>     Plaintiff,<br><br>v.<br><br>DAUPHINAIS CONSTRUCTION<br>     Defendant,<br><br>and<br><br>DRYWALL, LTD.,<br>     Reach and Apply Defendant. | C.A. No.: 05-11563-GAO |

## PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT

Plaintiff Trustees of the Painters and Allied Trades District Council No. 35 Health and Welfare, Pension and Annuity Funds, ("Funds") respectfully moves upon its attached Declaration pursuant to Federal Rule of Civil Procedure 55(b)(1) for entry of judgment by the Clerk in the amount of $167,926.37.  In support of its motion, Plaintiff states as follows:

1. Defendant Dauphinais Constructions, Inc., neither filed an answer nor served a responsive pleading in this action and, accordingly, were defaulted on January 17, 2006.

2. Each of the Plaintiff Funds is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA 29 U.S.C. §1002(37)(A), and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29

U.S.C. §1002(3). The Plaintiff Funds have a principal office at and are administered from 25 Colgate Road, Roslindale, MA.

3. Defendant Dauphinais Construction Co., Inc. ("Dauphinais") is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C §152(2) and (6), and has a principal place of business at 23 Village Inn Road, Westminster, MA.

4. Painters and Allied Trades District Council No. 35 ("Painters Union") is a "labor organization" with the meaning of 29 U.S.C. §152(5).

5. At all material times, Defendant was obligated by the terms of a collective bargaining agreement between it and the Painters Union and by the terms of the Agreements and Declarations of Trust for each of the Plaintiff Funds to make contributions to and file remittance reports with the Plaintiff Funds on behalf of its employees represented by the Painters Union to the Plaintiff Funds.

6. Defendant Dauphinais has failed to make contributions in the sum of $138,792.14 for the months of October and November 2004 in violation of Section 515 of ERISA, 29 U.S.C. §1145.

7. Defendant is neither an infant nor an incompetent person nor in the military service of the United States.

**WHEREFORE**, Plaintiff's Motion for Entry of a Default Judgment should be granted.

          Respectfully submitted,

          Plaintiff,
          Painters and Allied Trades
          District Council No. 35
          By its attorney,


          /s/ Jonathan M. Conti
          Jonathan M. Conti, BBO#657163
          Feinberg, Campbell & Zack, P.C.
          177 Milk Street
          Boston, MA 02109
          (617) 338-1976

DATED: May 1, 2006


## CERTIFICATE OF SERVICE

  I, Jonathan M. Conti, attorney for the Plaintiffs, hereby certify that on this day I mailed a copy of the within document by first class mail, postage prepaid, to:

| | |
|---|---|
| James Dauphinais | Joseph A. Pisari, Esq. |
| Dauphinais Construction, Inc. | Corwin & Corwin, LLP |
| 23 Village Inn Road | One Washington Mall |
| Westminster, MA 01473 | Boston, MA 02108. |


          /s/ Jonathan M. Conti
          Jonathan M. Conti

DATED: May 1, 2006.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRUSTEES OF THE PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 35 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS<br>　　Plaintiff,<br><br>v.<br><br>DAUPHINAIS CONSTRUCTION<br>　　Defendant,<br><br>and<br><br>DRYWALL, LTD.,<br>　　Reach and Apply Defendant. | C.A. No.:  05-11563-GAO |

## JUDGMENT

A default has been entered against Dauphinais Construction, Inc., on January 17, 2006, for failing to answer or otherwise defend.

Now, upon application and declaration of Plaintiff demonstrating that Defendant owes Plaintiff the sum of $138,792.14 in delinquent fringe benefit contributions, liquidated damages in the amount of $27,758.43, and reasonable attorney's fees and costs in the amount of $1,375.80; and that Defendant, Dauphinais Construction, Inc., is not an infant nor an incompetent person, nor in the military service of the United States, it is hereby:

ORDERED, ADJUDGED AND DECREED that Plaintiff recover from Defendant the sum of $167,926.37.  Motions for default judgment brought by the Plaintiff in the

above-captioned action were submitted to the Court and subsequently filed with the Clerk.

Dated this _____ day of _____, 2006.

BY THE COURT

_____
U.S. District Court Judge